## No. 13,909.

## SAN LUIS ROLLER MILLS, INC. *v.* SAN LUIS POWER AND WATER COMPANY.
### (77 P. [2d] 128)

Decided June 14, 1937.  On Rehearing original opinion modified and adhered to March 7, 1938.

Messrs. BARNARD & BARNARD, Mr. A. W. McHENDRIE, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. L. H. LARWILL, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE judgment which we are asked to reverse is a part of a water adjudication decree entered by the district court of Costilla county.

First the case was orally argued before a department of this court and there duly considered, the judgment of the district court being reversed with directions to award to the San Luis Roller Mills, Inc., plaintiff in error (hereinafter called Mills, Inc.), a priority of water right as between it and the San Luis Power and Water Company, defendant in error (hereinafter called the Water Company). A petition for rehearing was granted, and the case transferred to the court en banc. Additional briefs were filed and oral arguments were had before the full bench.

Mills, Inc., is claiming, for power purposes alone, a priority of right as of March 1, 1908, to use twenty cubic feet of water per second (in addition to a duly adjudicated priority for twenty-seven second feet dating back to the year 1859 and not in question here). The Water Company claims a priority of right as of July 28, 1908, to use (in addition to other rights not in question here) certain large amounts of water for storage in its Sanchez Reservoir to be applied to irrigation purposes.

Each of the two parties, and its predecessor in interest, failed to file a map and statement with the state engineer within the sixty days provided for such filing in R. S. '08, section 3181 (S. L. '03, p. 289, §1), the statute then in force (now superseded by '35 C. S. A., c. 90, §27). Assuming for the purposes of this case, but not deciding, that such failure did not result in withholding from both parties the benefits which would have accrued to them under a filing within the prescribed period, we proceed to consider the respective rights under the facts and circumstances of this case.

Mills, Inc., is the owner of a flour mill which is operated by water diverted through the San Luis Mill Ditch from the Culebra river, a tributary of the Rio Grande del Norte, the water being returned to the river after it is thus used. The Water Company is the owner of the Sanchez system of reservoirs and ditches, which takes its water from the Culebra and its tributaries for irrigation purposes.

The priority dating back to 1859 for the aforesaid twenty-seven second feet, awarded to the predecessor in interest of Mills, Inc., by the previous decree, was used continuously by the owner of the mill until about August 20, 1909, when the mill first began to use the additional amount of water involved in the decree before us for review.

About March 1, 1908, in order to enlarge the capacity of the mill, Parrish, a predecessor in interest of Mills, Inc., caused a survey to be made as part of a plan to change the location of the mill itself and establish a new course for its tail or waste ditch to return the water to the river. He expected thereby to bring about the planned increase of mill capacity without requiring enlargement of the mill building, accomplishing this by installing more modern machinery and availing himself of the increased capacity which would result from the change in location of the mill, provided of course that the

right to the aforesaid additional water could be acquired. The survey was followed within sixty days by actual construction work. Excavation for the mill was begun at its new site. After various interruptions, claimed to have been unavoidable, and described in detail by the evidence, the above mentioned work of alteration was completed about October, 1908, the new machinery was installed, and the additional water was actually diverted as aforesaid about August 20, 1909.

A map and statement of this enlargement work was filed in the state engineer's office on January 23, 1917. The map and statement of the Water Company had been filed on December 28, 1908.

We shall assume, for the purposes of this case only, that under the doctrine of relation the Water Company initiated its work on July 28, 1908, and was entitled to claim a priority as of this date, fixed by the district court therefor.

The important question is whether under the evidence in the record before us the district court was right in substituting—as the Mills, Inc., priority date—the date of August 20, 1909, for that of March 1, 1908, which latter not only is the date found by the referee from the evidence adduced before him, but is the date consistently claimed throughout by Mills, Inc., and relied upon in its map and statement. There seems to be no evidence impugning the reasonable diligence of Parrish in the prosecution of the work of construction to the point of actual diversion.

The trial judge when entering his findings and decree made the following statement, which clearly shows why the referee's finding was set aside:

"Where a claimant seeks to date his appropriation back to the beginning of the work, no map and statement having been filed with the State Engineer, that work must be of such a nature as to constitute notice to the world by 'an open and notorious physical demonstration'

of an intention ultimately to acquire a right to the use of water, in this case a right to additional water. The work done by the claimant here falls far short of this requirement. The priority for the additional water for the San Luis Mill Ditch will date from the date of beneficial application, August 20, 1909 * * *.''

It must be remembered that the trial judge did not see the living witnesses, as did the referee. The evidence—preserved verbatim by way of a full transcript—is now before us, as it was before the trial court, and this court has equal opportunity with the trial judge to determine its credibility, weight and effect.

Apparently the trial court based its decision solely upon the view that initiation of the Mills, Inc., claim was futile because lacking ''an open and notorious physical demonstration'' sufficient ''to constitute notice to the world.'' But a notice to the world does not mean a notice to every inhabitant of the world. It merely means a notice reasonably likely to bring knowledge to everyone within the sphere of possible adverse interest. In the present instance it meant notice to the owner of the Sanchez system of reservoirs and ditches, the only other claimant owning priority in the water of the same natural stream. No other opposing claimant has appeared in the adjudication proceedings.

Regardless of what Parrish's particular physical acts may have been, and whether they were equivalent to actual knowledge or notice, the uncontradicted evidence is that not later than in the forepart of May, 1908, he had conversations with the officers of the Water Company's corporate predecessor in interest, at the direct instance and upon express inquiry of such officers, and that he informed them of the proposed changes and of his intention to claim at least twenty additional second feet of water in order to accommodate the increased mill capacity planned. This actual knowledge fulfilled every reasonable purpose which could have been served by a

124

constructive notice impliable from physical acts. The litigation being narrowed down to a controversy of two claimants, the notice expressly given was sufficient as between them.

■ Without deciding, therefore, what effect is to be attached to the failure of both to file within the sixty days prescribed by the filing statute, we hold that the trial court erred in changing the priority date of Mills, Inc., from March 1, 1908, the date found by the referee. As to this, the judgment of the district court is reversed with instructions to change it back; and as to the remainder of the judgment it will be affirmed.

The original opinion is now modified so as to state the views of the court en banc and, as so modified, is adhered to.

Judgment reversed in part, with instructions.